**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4290**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

EDDIE GAMBLE,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:06-cr-00192-NCT)

Submitted:  June 30, 2008          Decided:  August 18, 2008

Before TRAXLER and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Eddie Gamble was convicted on one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). The district court sentenced Gamble to 240 months' imprisonment. Gamble timely appealed.

Gamble first contends that the district court erred by failing to suppress the branch manager's in-court identification of him, claiming that the witness was unduly influenced by a photograph of Gamble and a video of Gamble's capture. Courts engage in a two-step analysis to determine the admissibility of the identification testimony. First, the defendant must establish that the identification was impermissibly suggestive, i.e., that "a positive identification is likely to result from factors other than the witness's own recollection of the crime." Satcher v. Pruett, 126 F.3d 561, 566 (4th Cir. 1997). If the court concludes that the confrontation procedure was not impermissibly suggestive, the inquiry ends. United States v. Bagley, 772 F.2d 482, 492 (9th Cir. 1985); cf. Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994) (holding that court may proceed directly to reliability of identification without determining whether defendant has met threshold requirement of suggestiveness). If, however, the defendant makes this showing, the court then must determine whether the identification was nevertheless reliable under the totality of the circumstances. Satcher, 126 F.3d at 566. The Supreme Court has set out five factors to be considered in deciding the reliability of identification testimony: "[1] the opportunity of

the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of his prior description of the criminal, [4] the level of certainty demonstrated at the confrontation, and [5] the time between the crime and the confrontation." Manson v. Brathwaite, 432 U.S. 98, 114 (1977); United States v. Murray, 65 F.3d 1161, 1169 n.6 (4th Cir. 1995).

In this case, the district court determined that there was no impermissibly suggestive pretrial identification. The branch manager testified that, during the robbery, he was able to get a clear look at the robber's face when he handed over the money, noting the "distinct lines on his face." He stated that he was "trained to look at specifics." As the district court noted, this witness followed the robber as he fled the bank, observing the suspect drop items and then reach down to pick them up, and head to a white van with his face unobstructed. He watched the robber get into the van and drive away. We find that the district court did not abuse its discretion by concluding that the branch manager had a sufficient opportunity to identify Gamble during the robbery and that his later viewing of a photograph and video footage was not impermissibly suggestive.

Even if the court had bypassed the analysis of the suggestiveness of the photograph and video footage, Holdren, 16 F.3d at 61, under the totality of the circumstances, the branch manager's testimony was reliable. He not only was in close proximity to the suspect and therefore had a good opportunity to

view the suspect at the time of the robbery, but also utilized his training to "look at specifics" and put forth significant effort to observe the robber and his getaway vehicle. The detail and accuracy of the branch manager's description enabled the police to readily identify Gamble's white van by the red, white, and blue "save our troops" decals on the back. Furthermore, the witness testified that he prepared a written statement on the day of the robbery in which he declared, "I feel very certain that I can identify the robber." Under the totality of the circumstances, we conclude that the district court did not abuse its discretion by concluding that the branch manager's in-court identification of Gamble was reliable.

Gamble also argues that a videotape of his capture was unfairly prejudicial. This fifty-second footage, extracted from news coverage, includes a clip of police vehicles closing in on the site where Gamble's van was stopped, an aerial view of police officers and a dog finding Gamble hiding under heavy brush, and ends with a close-up shot of Gamble being loaded into an ambulance. Although Gamble's identity is not readily discernible from the aerial view, the canine handler who participated in Gamble's apprehension testified at trial and identified himself, his canine, and Gamble in the portion of the clip showing officers and a dog closing in on the suspect.

Under Fed. R. Evid. 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Review of a district court's determination of the admissibility of evidence is for abuse of discretion. United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). We find that the district court did not abuse its discretion in admitting the photograph.

First, contrary to Gamble's claim that the videotape had no probative value, the evidence was relevant. Gamble claimed that he had been kidnaped and did not drive the van during the high speed police chase and that he was wheelchair-bound. Although Gamble's face is clearly visible only in the footage of his placement in the ambulance, the canine officer involved in Gamble's arrest positively identified Gamble in the aerial footage. Furthermore, the clip supports the Government's evidence, presented through police officers' testimony, that Gamble led them on a high speed chase after the robbery and hid in a wooded area where he was flushed out by a police dog.

Gamble claims that the footage was unfairly prejudicial and served only to sensationalize the Government's evidence. We have noted that "[p]rejudice, as used in Rule 403, refers to evidence that has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997) (internal quotation marks omitted). We conclude that the videotape did not pose a legitimate risk of arousing the emotions of the jurors to the point of creating a genuine danger that the case

would be decided based upon their emotional reaction to it. Although the jury exhibited an interest in the footage, this interest, contrary to Gamble's argument, does not indicate that the video's probative value was outweighed by any prejudicial effect. The district court did not abuse its discretion in admitting the videotape. Moreover, even assuming arguendo that the introduction of the videotape constituted an abuse of discretion, any error was harmless in light of the overwhelming evidence against Gamble.

Accordingly, we affirm Gamble's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>